UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HEATHER SPEARS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO. 1:21-CV-2934 |
| | ) |
| SUR LA TABLE, INC., AND MARQUEE BRANDS, LLC, | ) |
| | ) |
| DEFENDANTS, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Heather Spears brings this action against Sur La Table, Inc. and Marquee Brands, LLC for violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*.

**PARTIES**

1. Spears is an individual who resides in Marion County, Indiana.

2. At the times relevant to her claims, Spears was an employee of Defendants.

3. Sur La Table, Inc. is a Washington corporation doing business in Indiana.

4. At the times relevant to Spears' claims, Sur La Table, Inc. was Spears' employer.

5. Marquee Brands, LLC is a Delaware limited liability company doing business in Indiana[1] with its principal place of business in New York.

6. At the times relevant to Spears' claims, Marquee Brands, LLC was Spears' employer.

**JURISDICTION AND VENUE**

7. This Court properly has jurisdiction over this matter under 28 U.S.C. §1331 inasmuch as Spears is asserting a claim arising under federal law.

---

[1] Defendant Marquee Brands, LLC is not registered with the Indiana secretary of state.

8. This Court is a proper venue for this action under 28 U.S.C. §1391 inasmuch as Defendants may be found in this judicial district, and a substantial portion of the events giving rise to Spears' claim occurred within this judicial district.

## ADA Coverage

9. Spears is a qualified individual with a disability inasmuch as she is substantially impaired in the major life activities and has a condition which significantly restricts the ordinary functioning of her musculoskeletal system.

10. Defendants, individually and together, were Spears' employers within the meaning of the ADA.

## Factual Allegations

11. Spears began experiencing discrimination on the basis of her disability on approximately January 11, 2020.

12. Beginning on or around January 11, 2020, Spears requested a workstation that would allow her to pull her wheelchair up to it.

13. A workstation existed which would have allowed Spears to pull her wheelchair up to it.

14. Even if a workstation did not exist which would have allowed Spears to pull her wheelchair up to it, Defendants could have created or modified a compliant workspace.

15. Instead of accommodating Spears' request for a workspace to which she could pull up her wheelchair, Defendants simply refused and said that such a workspace was not available.

16. Spears requested assistive software to help her to enter data into computers.

17. Defendants refused to provide voice dictation and / or voice control software to Spears to accommodate her physical limitations.

18. Sur La Table was acquired by Marquee Brands.

19. When Sur La Table was acquired by Marquee Brands, Marquee Brands extended offers of employment to all (or very nearly all) of Spears co-workers within her area.

20. Marquee Brands did not extend an offer of employment to Spears.

21. Sur La Table and Marquee Brands conspired to discriminate against Spears because of her disability.

22. Sur La Table and Marquee Brands conspired to discriminate against Spears because of her requests for accommodation.

## COUNT I: VIOLATION OF THE ADA

23. Defendants discriminated against Spears because of her disability, in violation of the ADA.

24. Specifically, Defendants failed to accommodate Spears.

25. A reasonable accommodation was available.

26. Defendants were motivated, at least in part, by Spears' disability in making the decision not to hire, retain, transfer, or assign Spears when employees transferred from Sur La Table to Marquee Brands.

27. Defendants' actions violate the non-discrimination and non-retaliation portions of the ADA.

28. Plaintiff has been harmed by Defendants' unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE Spears demands judgment against Defendants and the following relief:

a. Plaintiff's lost wages;
b. Actual damages;
c. Compensatory damages;
d. Punitive damages;

    e.   Plaintiff's attorney's fees;

    f.   The costs of this action;

    g.   Reinstatement to her employment;

    h.   Such other relief as this Court determines to be necessary and proper.

/s/ Jason R. Ramsland
Jason Ramsland, #29443-29
Ramsland Law
8520 Allison Pointe Blvd
Ste 223 PMB 65298
Indianapolis, Indiana 46250-4299
765.267.1240
jason@rams.land

Attorney for Plaintiff

### Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

/s/ Jason R. Ramsland
Jason R. Ramsland (#29443-29)