UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HEATHER SPEARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-02934-TWP-MJD |
| | ) |
| SLT LENDING SPV, INC. D/B/A SUR LA TABLE, | ) |
| | ) |
| Defendant. | ) |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant SLT Lending SPV, Inc., ("SLT Lending") (Filing No. 50). Plaintiff Heather Spears ("Spears") filed a Second Amended Complaint (the "Complaint") alleging that SLT Lending discriminated against her in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §12101 *et seq* (Filing No. 41). Specifically, she alleges that SLT Lending refused to hire her because of her disability (Filing No. 59 at 1). For the reasons set forth below, SLT Lending's Motion to Dismiss is **granted**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Because SLT Lending moves for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

### A.   Sur La Table Employed Spears

Spears is a wheelchair bound individual that "has a condition which significantly restricts the ordinary functioning of her musculoskeletal system." (Filing No. 41 at ¶¶ 7, 12.) In January 2020, Spears began experiencing discrimination based on her disability while employed at Sur La

Table Inc.'s ("Sur La Table") call center in Brownsburg, Indiana (the "Site"). *Id*. at ¶ 11. Specifically, Spears requested a workstation that would allow her to pull her wheelchair up to it and an assistive software to help her enter data into the computers, but Sur La Table advised her that there were no available workstations and refused to provide her with any voice dictation or voice control software. *Id*. at ¶¶ 12-17.

### B. Sur La Table Files Bankruptcy

Soon thereafter, in July 2020, Sur La Table filed[1] for Chapter 11 bankruptcy. *Id*. at ¶ 10. SLT Lending and another company, Marquee Brands, LLC ("Marquee"), obtained certain assets from the bankruptcy case.[2] According to the Asset Purchase Agreement, SLT Lending and Marquee obtained the assets "free and clear with respect to all … suits of any type, whether now known or unknown, whenever incurred or filed, which have occurred of which arise from work-related injuries, … acts of discrimination, or other incidents, acts, or injuries" prior to the closing date of the bankruptcy sale.[3] SLT Lending acquired the Site where Spears worked. *Id*. at ¶ 18.

### C. Spears' Discrimination Claim

After acquiring the Site, SLT Lending "extended offers of employment to all (or very nearly all) of Spears' co-workers within her area" except for Spears. *Id* at ¶ 19, 21. Spears alleges, "[u]pon information and belief, the decision to hire or not hire employees of Sur La Table into SLT Lending SPV was made by or with the assistance, knowledge, and/or recommendation of

---

[1] *See* Cause No. 3:20-bk-18367-MBK (D.N.J.) and styled *In re SLT HOLDCO, INC., et al*. (ordering the joint administration of the Debtors' related Chapter 11 Cause No. 3:20-bk-18368-MBK (D.N.J.) and styled *In re Sur La Table, Inc*.). The Court takes judicial notice of, and incorporates certain factual recitation, from documents filed on the docket of the bankruptcy court proceedings. *See Daniel v. Cook County*, 833 F.3d 728, 743 (7th Cir. 2016) (finding that a court may take judicial notice of an action of other courts or the contents of filings in other courts not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings).

[2] *See Spears v. Sur La Table, Inc.*, 2022 WL 1241944, at *3–4 (S.D. Ind. Apr. 4, 2022).

[3] *See In re Sur La Table, Inc.*, Filing No. 307 at 32–33.

individuals with knowledge of Spears' need and requests for accommodation for her disability." *Id*. at ¶ 20. Spears alleges the "discrimination against [her] is part of an ongoing pattern and practice of discrimination by the same individuals working in the same endeavor both before, during, and after the bankruptcy proceedings." *Id*. at ¶ 24.

**D.      This Litigation**

On November 29, 2021, Spears filed a Complaint against Sur La Table and Marquee alleging violation of the ADA (Filing No. 1). Marquee then filed a motion to dismiss (Filing No. 16), and the Court granted the motion pursuant to Federal Rule of Civil Procedure 12(b)(2) (Filing No. 31). Spears then filed a First Amended Complaint but named Sur La Table and SLT Lending as defendants (Filing No. 33). On May 20, 2022, Magistrate Judge Dinsmore held a status conference and correctly informed Spears' attorney that any claim against Sur La Table was potentially discharged during the bankruptcy case and that the only way to seek relief against Sur La Table would be to petition the bankruptcy court to reopen the closed bankruptcy case (Filing No. 38).

Thereafter, Spears filed the operative Second Amended Complaint against only SLT Lending (Filing No. 41). SLT Lending then filed the instant Motion, Spears filed a response, and SLT Lending replied (Filing No. 50; Filing No. 51; Filing No. 59; Filing No. 60).

**II.      MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 8 requires complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a) (2); Fed. R. Civ. P. 12(b)(6). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). The complaint must also include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. For a claim to be plausible under this standard, the plaintiff must allege enough facts to raise a reasonable expectation that discovery in this lawsuit will reveal evidence supporting her allegations. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). When deciding a Rule 12(b)(6) motion, the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

### III. DISCUSSION

Spears alleges a discriminatory failure to hire claim under the ADA (Filing No. 41). SLT Lending argues that the Second Amended Complaint does not plausibly state a claim under a failure to hire theory because Spears never applied for a job with SLT Lending nor has she alleged any discriminatory policies on the part of SLT [Lending] deterred her from doing so. SLT Lending contends that its "status as a named defendant in this case represents nothing more than a meritless attempt by Spears to avoid the undisputed fact that her claims against Sur La Table were discharged during that company's bankruptcy," (Filing No. 51 at 1), and the claim against it is not viable. The Court must therefore determine whether Spears' claim is viable.

4

A. **Whether Spears' Failure to Hire Claim is Viable**

A plaintiff may attempt to prove discrimination by introducing direct evidence or by using the burden shifting framework that the United States Supreme Court established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and which was later adopted by the Seventh Circuit in ADA cases in *DeLuca v. Winer Industries*, 53 F.3d 793, 797 (7th Cir. 1995). But methods of proof are not at issue at the motion to dismiss stage. *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 501 (7th Cir.2010). Rather, the inquiry at this procedural posture is whether, viewing the allegations in Spears' favor, she has alleged sufficient facts to state a claim to relief that is plausible on its face, thus giving SLT Lending fair notice of her claims and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555, 570.

Under this structure, to make a *prima facie case* of discrimination in the failure to hire context, a plaintiff must establish that: (1) she was a member of a protected class; (2) she was qualified for and applied to an open position; (3) she was rejected; and (4) the employer filled the position by hiring someone outside the protected class or left the position open. *Oliver v. Joint Logistics Managers, Inc.*, 893 F.3d 408, 413 (7th Cir. 2018). Beyond the motion to dismiss stage, if Spears can establish a *prima facie* case, SLT Lending would need to point to "a legitimate, nondiscriminatory reason for [its] decision not to hire the plaintiff." *Coomes v. Republic Airways Inc.,* 2021 WL 1165183, at *14 (S.D. Ind. Mar. 26, 2021). And if SLT Lending succeeds, the onus would fall on Spears "to submit evidence that the employer's explanation is pretextual." *Id*.

Here, the following factual allegations form the basis of Spears' failure to hire claim against SLT Lending:

> When Sur La Table was acquired by SLT Lending SPV, SLT Lending SPV extended offers of employment to all (or very nearly all) of Spears' co-workers within her area.

5

> Upon information and belief, the decision to hire or not hire employees of Sur La Table into SLT Lending SPV was made by or with the assistance, knowledge, and/or recommendation of individuals with knowledge of Spears' need and requests for accommodation for her disability.
>
> SLT Lending SPV did not extend an offer of employment to Spears.
>
> SLT Lending SPV discriminated against Spears because of her disability.

(Filing No. 41 at ¶¶ 19–22.)

The parties agree that Spears has alleged the first element—that she is a member of a protected class—because she is a wheelchair bound individual suffering from a condition that "restricts the ordinary functioning of her musculoskeletal system," *id*. at ¶ 7, and thus qualifies as an individual with a disability under the ADA. It is undisputed that Spears never applied for a position with SLT Lending. *See Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 738–39 (7th Cir. 2006) (holding that the employer did not discriminate against the plaintiff by not considering her for a position for which she did not express interest); *Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 558 (7th Cir. 2004). Since the Second Amended Complaint provides no details about Spears' desired position with SLT Lending, much less any allegations about her experience or qualifications to perform the functions of that position, her ADA claim fails at the second element as well. *See Iqbal*, 556 U.S. at 678; *see e.g.*, *Pafford v. Herman*, 148 F.3d 658, 669 (7th Cir. 1998) ("If the plaintiff was not qualified for any reason, then she falls short of establishing a prima facie case and there is no inference of discrimination.").

Someone who has not applied for a position (or who by law fails to qualify for it) hardly can maintain that she was not hired because of a discriminatory purpose—at least on this pleading. Lastly, Spears has not alleged that SLT Lending hired someone outside the protected class or kept a particular position open. While Spears devotes most of her opposition to the present Motion distinguishing failure to hire cases from failure to accommodate cases, she does not offer any legal

6

authority to support her failure to hire claim against SLT Lending. Spears' claim must be plausible rather than merely conceivable or speculative. The Court, drawing all reasonable inferences in favor of Spears, cannot find that she has put forth sufficient facts to plead a viable ADA claim under the failure to hire theory against SLT Lending and, therefore, the Court concludes that the Second Amended Complaint should be dismissed.

**B.** **Whether to Grant Leave to Amend**

SLT Lending argues the Second Amended Complaint should be dismissed with prejudice (Filing No. 51 at 12). Spears' response in opposition to dismissal fails to address this argument and, as such, the Court concludes that Spears waived[4] the argument (Filing No. 59). Regardless, on the merits, the Court determines the dismissal should be with prejudice.

Spears has had ample opportunities to articulate a plausible claim under the ADA, but in each attempt she has been without success (Filing No. 1; Filing No. 33; Filing No. 41). When a complaint fails to state a claim for relief, a plaintiff is ordinarily given a chance to amend the complaint to correct the problem. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). However, leave to amend need not be granted if amendment would be futile. *Garcia v. City of Chi.*, 24 F.3d 966, 970 (7th Cir. 1994). Once a plaintiff has had one or more opportunities to cure the defects but fails, the court may dismiss claims with prejudice. *See Dittman v. ACS Hum. Servs. LLC*, 2017 U.S. Dist. LEXIS 29242, at *14-15 (N.D. Ind. Mar. 1, 2017) (dismissing plaintiff's third amended complaint with prejudice when plaintiff failed to allege sufficient factual matter and it appeared he would never be able to do so); *see also Norman v. N.W. Ind. CA Section 8*, 2021 WL 4363012 (N.D. Ind. Sept. 24, 2021) (dismissing second amended complaint with prejudice when the plaintiff had been given opportunities to amend her complaint).

---

[4] *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (concluding that "failure to respond to an argument—as [is the case here]—results in waiver").

Here, Spears amended her Complaint twice with the only substantive change being the identity of the defendants she accuses of discrimination (Filing No. 33; Filing No. 41). Dismissal with prejudice is appropriate because the Court does not envision a possibility of successful amendment and, furthermore, Spears has had multiple opportunities to plead a viable claim for failure to hire and has been unable to do so. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to amend and has failed to cure a defective claim); *see Doermer v. Callen,* 847 F.3d 522, 528 (7th Cir. 2017) (the court was under no obligation to allow further amendments where doing so would be futile). Accordingly, the dismissal is with prejudice.

## IV.   CONCLUSION

For the reasons explained above, SLT Lending's Motion to Dismiss (Filing No. 50) is **GRANTED**. Spears' Second Amended Complaint (Filing No. 41) is **dismissed with prejudice**. Final judgment will issue under a separate order.

**SO ORDERED.**

Date: 3/22/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jason R. Ramsland
RAMSLAND LAW
jason@rams.land

Andrew S. Murphy
TAFT STETTINIUS & HOLLISTER LLP
amurphy@taftlaw.com

Daniel Reza Saeedi
TAFT STETTINIUS & HOLLISTER LLP
dsaeedi@taftlaw.com