UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HEATHER SPEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-02934-TWP-MJD |
| | ) | |
| SLT LENDING SPV, INC. d/b/a SUR LA | ) | |
| TABLE[1], | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on Plaintiff Heather Spears' ("Spears") post-judgment Motion to Alter or Amend Judgment (the "Motion") granting Defendant SLT Lending SPV, Inc.'s ("SLT Lending") Motion to Dismiss Spears' Second Amended Complaint with prejudice (Filing No. 74).  Spears initiated this suit against SLT Lending alleging a discriminatory failure to hire claim pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq* ("ADA") (Filing No. 1).  For the reasons set forth below, the Court **denies** Spears' Motion.

I.      **PROCEDURAL HISTORY**

On October 11, 2022, SLT Lending filed a motion to dismiss (Filing No. 50), and on March 22, 2023, the Court entered an Order granting the motion to dismiss ("Dismissal Order") (Filing No. 72).  As the Court explained, to plead a plausible failure to hire claim, Spears was required to show "(1) she was a member of a protected class; (2) she was qualified for and applied to an open position; (3) she was rejected; and (4) the employer filled the position by hiring someone outside

---

[1] SLT Lending acquired certain assets, including the property where Spears worked, from Sur La Table's bankruptcy estate (Filing No. 72 at 2). *See* Cause No. 3:20-bk-18367-MBK (D.N.J.) and *styled In re SLT HOLDCO, INC., et al.* (ordering the joint administration of the Debtors' related Chapter 11 Cause No. 3:20-bk-18368-MBK (D.N.J.) *and styled In re Sur La Table, Inc.*).

the protected class or left the position open." *Id*. at 5 (citing *Oliver v. Joint Logistics Managers,*

*Inc.*, 893 F.3d 408, 413 (7th Cir. 2018)).

> In the Dismissal Order, the Court noted that:

> [i]t is undisputed that Spears never applied for a position with SLT Lending….
> [Also,] [s]ince the Second Amended Complaint provides no details about Spears'
> desired position with SLT Lending, much less any allegations about her experience
> or qualifications to perform the functions of that position, her ADA claim fails at
> the second element as well.

*Id*. at 6 (citing *Pafford v. Herman*, 148 F.3d 658, 669 (7th Cir. 1998).  Therefore, the Court granted

the motion to dismiss and dismissed Spears' Second Amended Complaint with prejudice:

> …Spears amended her Complaint twice with the only substantive change being
> the identity of the defendants she accuses of discrimination (Filing No. 33; Filing
> No. 41). Dismissal with prejudice is appropriate because the Court does not
> envision a possibility of successful amendment and, furthermore, Spears has had
> multiple opportunities to plead a viable claim for failure to hire and has been
> unable to do so. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to
> amend need not be granted when a party has had multiple opportunities to amend
> and has failed to cure a defective claim); *see Doermer v. Callen*, 847 F.3d 522,
> 528 (7th Cir. 2017) (the court was under no obligation to allow further
> amendments where doing so would be futile). Accordingly, the dismissal is with
> prejudice.

(Filing No. 72 at 8).

> Thereafter, on April 18, 2023, Spears filed the instant Motion (Filing No. 74), and SLT

Lending filed its Response in Opposition (Filing No. 75).

## II.   DISCUSSION

> The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court

reconsider matters "properly encompassed in a decision on the merits."  *Osterneck v. Ernst and*

*Whinney*, 489 U.S. 169, 174 (1988).  To receive relief under Rule 59(e), the moving party "must

clearly establish (1) that the court committed manifest error of law or fact, or (2) that newly

discovered evidence precluded entry of judgment."  *Edgewood v. Manor Apartment Homes, LLC*

*v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief through a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted).

Here, the Court finds that Spears' Motion lacks merit. Spears does not claim that the Court made a manifest error of law or fact, but rather that newly discovered evidence precludes entry of judgment (Filing No. 74). Through discovery, Defendant acquired from Sur La Table a roster of call center employees which included Spears, and this evidence was provided in Defendants interrogatory response. *Id.* at 2. Spears contends this newly discovered evidence shows that SLT Lending retained 35 out of 37 employees from Sur La Table, at the exclusion of an African American woman and herself. *Id.* at 2-3. This purported evidence only confirms what was previously known to this Court as evidenced by Spears' Second Amended Complaint wherein she alleged that "[w]hen Sur La Table was acquired by SLT Lending SPV, SLT Lending SPV extended offers of employment to all (or very nearly all) of Spears' co-workers within her area." (Filing No. 41 at ¶ 19.)

Even with this "newly discovered" evidence, Spears still has not alleged facts to state a plausible failure to hire claim. She likewise advances arguments that could have been raised in her initial response to SLT Lending's Motion to Dismiss. Spears, for the first time, contends that since SLT Lending did not require existing employees of Sur La Table to apply to continue working for them that the

> elements of a prima facie case of 'failure to hire' do not fit these unusual circumstances. Instead, the 'disparate treatment' elements embodied in Federal Civil Jury Instructions of the Seventh Circuit, Instruction 4.02 ["Instruction 4.02"] should apply: 1) Plaintiff is an individual with a disability; 2) she was qualified for the job;

3) she suffered an adverse employment action, and 4) Defendant would not have taken the same action if she had not had a disability, but everything else had been the same.

(Filing No. 74 at 7.)

Nowhere in her Second Amended Complaint does she plead what position she held or her qualifications for that position (Filing No. 41).  She leaves the Court to assume.  Arguably, Spears is qualified for the position she previously held but the Court cannot ascertain that position from Spears' Second Amended Complaint.  Further, the Court is not convinced that Spears' reliance on Instruction 4.02 or any similar arguments could not have been raised when Spears responded to SLT Lending's Motion to Dismiss (Filing No. 59).  In her response in opposition to the Motion to Dismiss, Spears conceded that her discrimination claim in this lawsuit is limited to a failure-to-hire theory. She argued "a critical question in this case will be whether Spears' co-workers were required to apply to continue on in SLT Lending SPV, and whether Spears was required to and failed to apply." *Id*. at 3.  Undoubtedly, Spears was aware of the potential that SLT Lending did not have an application process and, in turn, could have made the argument she now makes belatedly.  Spears has had multiple opportunities to correct this and other defects in her Complaints but has not done so. Therefore, the Court sees no basis to alter or amend the Judgment granting SLT Lending's Motion to Dismiss Spears' Second Amended Complaint with prejudice (Filing No. 73).

### III.    CONCLUSION

For all these reasons, Spears' Motion to Alter or Amend Judgment (Filing No. 74) is **DENIED**.

    **SO ORDERED.**

Date:   6/5/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

Jason R. Ramsland
RAMSLAND LAW
jason@rams.land

Andrew S. Murphy
TAFT STETTINIUS & HOLLISTER LLP
amurphy@taftlaw.com

Daniel Reza Saeedi
TAFT STETTINIUS & HOLLISTER LLP
dsaeedi@taftlaw.com